IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEBBIE E. CARRIGAN                                                                                    PLAINTIFF

vs.                                             Civil No. 4:08-cv-04018

MICHAEL J. ASTRUE                                                                                   DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Debbie E. Carrigan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and for Disability Insurance Benefits ("DIB") under Title II of the Act.[1] The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed her application for a period of disability and for DIB on April 14, 2005. (Tr. 11, 47-50). Plaintiff alleged she was disabled due to severe lower back pain and sleep apnea. (Tr. 59-60). At the administrative hearing on October 17, 2006, Plaintiff also alleged she was disabled

---

[1] In her appeal brief, Plaintiff claims she also filed an application for supplemental security income. (Doc. No. 7, Page 1). However, there is no evidence in the hearing decision that she filed such an application. (Tr. 11). Therefore, no application for supplemental security income will be addressed in this opinion.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

due to obesity, leg pain, neck pain, diabetes, and high blood pressure. (Tr. 228-232). Plaintiff, however, testified at the administrative hearing that her back and leg pain were the "main reason[s]" she had been unable to work since her alleged onset date. (Tr. 232). Plaintiff alleged an onset date of July 12, 2004. (Tr. 47). This application was initially denied on May 12, 2005 and was denied again on reconsideration on October 13, 2005. (Tr. 32-33).

On December 16, 2005, Plaintiff requested an administrative hearing on her application. (Tr. 30-31). This hearing was held on October 17, 2006 in Texarkana, Arkansas. (Tr. 217-241). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dwight Turner testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the twelfth grade in school. *See id.*

On August 9, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2007. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 12, 2004, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments:

> [A] history of non-insulin dependent diabetes mellitus, sleep apnea, and gastroesophageal reflux disease with diagnosed hiatal hernia; a history of L5-S1 advanced degenerative disc disease with desiccation, loss of height, discogenic marrow change and moderate right paramedian disc herniation or protrusion; a history of moderate obesity; a history of hypertension, and a history of degenerative joint disease.

(Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14,

Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. *See id.* Second, the ALJ determined that, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work. Specifically, it is concluded that the claimant has retained the ability to lift-carry and push-pull up to at least 10 pounds occasionally, with the ability to sit up to at least 6 hours in an 8-hour workday (2 hours in a continuous period) and the ability to stand and/or walk up to a total of 2 hours in an 8-hour workday.

(Tr. 14, Finding 5).

The ALJ then determined Plaintiff would be unable to perform her Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the local, regional, or national economy. (Tr. 18-19, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 217-241). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a life skills trainer, a products assembler, and a poultry processing worker. (Tr. 18, Finding 6). The ALJ determined, considering her RFC, that Plaintiff would be unable to perform any of this PRW. (Tr. 18, Finding 6). The ALJ then applied Rule 201.21 of the Medical-Vocational Guidelines ("Grids") and determined that, based upon Plaintiff's age, education, work experience, and RFC, there jobs existing in significant numbers in the local, regional, or national economy that Plaintiff could perform. (Tr. 19, Finding 10). Thereafter, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 12, 2004

through the date of the ALJ's decision or through August 9, 2007. (Tr. 19, Finding 11).

On August 17, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. On February 1, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On February 26, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on February 28, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's disability determination is not supported by substantial evidence in the record and (B) the ALJ failed to fully and fairly

develop the record. (Doc. No. 7, Pages 3-16). Specifically, Plaintiff argues the ALJ erred in finding her impairments did not meet or equal the requirements of the Listings, the ALJ failed to properly consider her obesity, the ALJ erred in evaluating her RFC, the ALJ improperly relied upon the Grids, and the ALJ improperly relied upon the opinions of her non-treating, non-examining physicians. *See id.*

In response, Defendant argues that substantial evidence does support the ALJ's disability determination. (Doc. No. 8, Pages 5-11). Defendant argues that the ALJ properly evaluated Plaintiff's RFC based upon the record as a whole, including records from Plaintiff's treating physicians Timothy Overlock, M.D., Lee Buono, M.D., and Mark Gabbie, M.D. *See id.* at 5-7. Defendant argues the ALJ specifically considered Plaintiff's obesity and even found that she suffered from the severe impairment of obesity. *See id.* at 8. Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of disabling pain and discounted the severity of Plaintiff's alleged pain for legally-sufficient reasons. *See id.* Defendant also argues that the ALJ properly relied upon the Grids and properly relied upon the opinions of Plaintiff's *treating physicians. See id.*

### A. Substantial Evidence Determination

#### (1) Listings

Plaintiff claims the ALJ erred in finding he did not meet the requirements of the Listings. (Doc. No. 7, Pages 3-7). Specifically, Plaintiff raises two claims regarding the ALJ's evaluation of the Listings: (1) that the ALJ erred in finding her impairments did not, individually or in combination, meet the requirements of the Listings and (2) that the ALJ did not properly consider the affects of Plaintiff's obesity. *See id.* This Court will address both of these arguments.

First, Plaintiff claims the ALJ did not properly consider her impairments individually or in

combination and improperly found she did not meet the requirements of the Listings, including Listings 1.02 and 1.04. (Doc. No. 7, Pages 3-5). In her appeal brief, Plaintiff listed all of her physical impairments and then claimed those impairments met the requirements of the Listings. *See id.* Plaintiff, however, did not provide any analysis regarding *how* her impairments meet the requirements of any of the Listings, including Listings 1.02 and 1.04. *See id.* Plaintiff has the burden of establishing she meets the requirements of the Listings. *See Cox*, 160 F.3d at 1206. Since Plaintiff has not provided any argument establishing that she meets the requirements of any of the Listings, Plaintiff has not met that burden, and this Court will not address this issue further. *See id. See also Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

Second, Plaintiff claims the ALJ erred in evaluating her obesity. (Doc. No. 7, Pages 5-6). Specifically, she claims "[t]he Administrative Law Judge also failed to consider the effects of Plaintiff's obesity and the disturbance of Plaintiff's muscular skeletal system." *See id.* Plaintiff, again fails to provided any analysis of the facts or law supporting her claim that the ALJ erred in evaluating her obesity. *See id.* The record indicates that the ALJ did properly consider Plaintiff's obesity and properly found Plaintiff suffered from the severe impairment of obesity but was not disabled due to this obesity (either singularly or in combination with other impairments). (Tr. 13, Finding 3). Without more, this Court cannot find the ALJ erred in evaluating Plaintiff's obesity. *See Vandenboom,* 421 F.3d at 750.

    **(2)**    **RFC Determination**

Plaintiff argues the ALJ erred in evaluating her RFC. (Doc. No. 7, Pages 7-12). Plaintiff

7

claims the ALJ determined Plaintiff's RFC without specifying a "detailed basis" for that determination. *See id.* Plaintiff argues that her testimony at the hearing supports her claim that she is disabled and that the ALJ did not give sufficient reasons for disbelieving Plaintiff's testimony. *See id.* at 8-10. Plaintiff also argues that her medical records support her claim that she is disabled and that the only reason she did not seek further treatment and surgery was that she was unable to afford such treatment and surgery. *See id.* at 10-11.

In response to Plaintiff's arguments, Defendant argues the ALJ properly evaluated Plaintiff's RFC. (Doc. No. 8, Pages 5-9). Specifically, Defendant argues the ALJ properly considered Plaintiff's treatment records, test results, and examination findings in evaluating Plaintiff's RFC and that those records provide substantial evidence supporting the ALJ's RFC determination. *See id.* Defendant also argues that Plaintiff's doctors prescribed medication and routine, conservative medical follow-up and that the "ALJ did not reject the opinion of any treating physician." *See id.*

In her appeal brief, Plaintiff only offers one type of support for her claimed limitations: her subjective complaints. Therefore, this Court will evaluate those subjective complaints and determine whether the ALJ's credibility determination is supported by substantial evidence on the record as a whole. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

8

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ properly evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). First, the ALJ noted and applied the *Polaski* factors in his opinion. (Tr. 14-18). Second, the ALJ made the following findings and, based upon those findings, discounted Plaintiff's subjective complaints of disabling limitations

9

to the extent alleged: (1) Plaintiff was able to perform extensive daily activities; (2) Plaintiff's objective medical records from her treating physicians did not support her claimed limitations; (3) Plaintiff offered no probative, objective medical evidence to show she had ever been advised by any treating or examining physician that her symptoms were of such a severity as to completely preclude involvement in SGA; and (4) Plaintiff offered no objective medical evidence to establish she had ever been medically advised to permanently limit activities secondary to any determinable impairment or combination of impairments. (Tr. 15-18). This analysis and these findings are sufficient to satisfy the requirements of *Polaski,* and the ALJ's credibility determination is entitled to deference. *See Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir. 1995) (holding that "[w]here conflicting allegations and claims exist, credibility findings are for the ALJ to make")

      Plaintiff also claims that, even though she did not follow Dr. Buono's prescribed course of treatment for her back problems, her failure should be excused because she could not afford that treatment. As a general rule, a claimant's failure to follow a prescribed course of treatment may preclude the claimant from obtaining social security disability benefits. *See Mouser v. Astrue,* 545 F.3d 634, 638 (8th Cir. 2008) (citing *Kisling v. Chater,* 105 F.3d 1255, 1257 (8th Cir. 1997)). That failure may be excused where the claimant is unable to afford to follow the prescribed course of treatment. *See Mellon v. Heckler,* 739 F.2d 1382, 1383 (8th Cir. 1984). However, the claimant's bare statement that he or she is unable to afford medical treatment is not sufficient to establish that inability. *See Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992). Instead, the claimant must make some showing that establishes he or she was unable to afford medical treatment. *See id.* For instance, the claimant must show that he or she qualifies for a Medicaid card, sought to obtain low-cost medical treatment, or was denied medical care because of his or her financial condition. *See*

*id.*

In this case, Plaintiff makes the bare claim that she was unable to follow her prescribed course of treatment due to her financial condition. (Tr. 229-230). Specifically, she claims her husband's employer declared bankruptcy, and that, due to the bankruptcy, he had to take a reduction in pay. *See id.* Because of that pay reduction, she claims she had been unable to see Dr. Buono. *See id.* However, Plaintiff offered no evidence establishing that she is actually unable to afford medical care. Specifically, Plaintiff has presented no evidence establishing she qualifies for a Medicaid card, sought to obtain low-cost medical treatment, or was denied medical care because of her financial condition. Accordingly, Plaintiff's failure to seek follow-up medical care from Dr. Buono is not excused because of her financial condition. *See Murphy,* 953 F.2d at 386-87.

  **B.**  **ALJ's Development of the Record**

Plaintiff claims the ALJ failed to fully and fairly develop the record in two ways. (Doc. No. 7, Pages 12-16). First, Plaintiff claims the ALJ failed to develop the record by relying upon the Grids instead of relying on the testimony of a vocational expert. *See id.* Second, Plaintiff claims the ALJ failed to develop the record by relying upon the opinions of non-treating, non-examining physicians. *See id.*

As an initial matter, in order to establish that a case should be reversed and remanded for the ALJ's failure to develop the record, a claimant must not only establish that the ALJ failed to develop the record but also that the ALJ's failure prejudiced the claimant. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that "[i]n considering this argument, our inquiry is whether Mr. Onstad was prejudiced or treated unfairly by how the ALJ did or did not develop the record; absent unfairness or prejudice, we will not remand."). In this case, Plaintiff has not demonstrated any prejudice. Therefore, this Court should not remand for the ALJ's alleged failure to develop the

11

record. However, because the two issues Plaintiff raised are not necessarily arguments that the ALJ failed to develop the record, this Court will still address both of these issues.

### (1) Reliance on the Grids

Plaintiff claims the ALJ failed to develop the record by relying upon the Grids instead of relying upon the testimony of the VE. (Doc. No. 7, Pages 12-16). The ALJ cannot rely exclusively upon the Grids where the claimant has non-exertional impairments that diminish the claimant's ability to perform the full range of heavy, medium, light, or sedentary work. Social Security Regulation 83-12. However, the ALJ is permitted to rely upon the Grids where the ALJ properly finds that the claimant's non-exertional impairments do not diminish the claimant's ability to perform the full range of such work. *See Ellis v. Barnhart,* 392 F.3d 988, 997 (8th Cir. 2005). As noted above, in this case, the ALJ properly discredited Plaintiff's subjective complaints of a disability and properly found Plaintiff's ability to perform sedentary work was not diminished by her claimed non-exertional impairments. Accordingly, the ALJ properly relied upon the Grids. *See id.*

### (2) Reliance on Non-Treating, Non-Examining Physicians

Plaintiff claims the ALJ erred by relying upon the opinions of non-treating, non-examining physicians "who failed to review all of the reports of the treating physicians to form an opinion of Plaintiff's RFC." (Doc. No. 7, Page 14). However, as noted throughout the ALJ's opinion, the ALJ relied upon the opinion of Plaintiff's *treating physicians* in determining Plaintiff was not disabled. (Tr. 14-18). Notably, the ALJ specifically referenced the opinion of Dr. Buono, Plaintiff's treating physician who found Plaintiff's claimed disabling impairments could be treated with non-surgical therapy. (Tr. 17). Accordingly, Plaintiff's claim that the ALJ only relied upon the opinions of non-treating, non-examining physicians is without merit.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of March, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE